IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MONTOPALUS MCKAY, | ) |
| Plaintiff, | ) |
| v. | ) NO. 3:23-cv-00264 |
| PRISON MEDICAL PROVIDERS, | ) JUDGE RICHARDSON |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Montopalus McKay, an inmate of the Whiteville Correctional Facility (WCF) in Whiteville, Tennessee, has filed a pro se complaint claiming that his medical treatment at WCF is inadequate under state and federal standards.[1] He has not paid the civil filing fee or filed an application to proceed without prepayment of the fee. However, because venue is clearly improper in this District, the Court will transfer this action and leave the issue of the filing fee for resolution by the receiving court.

Under 28 U.S.C. § 1391(b), venue is proper in: (1) a judicial district where any defendant resides, if all defendants reside in the same state; (2) a district where a substantial part of the events or omissions giving rise to the claim occurred or a substantial part of the property in question is situated; or (3) if there is no other district in which the plaintiff may bring the action, a district where any defendant is subject to the court's personal jurisdiction with respect to such action. 28 U.S.C. § 1391(b). A court considering the issue of venue must initially determine whether the case

---

[1] While the complaint primarily asserts a violation of state law (*see* Doc. No. 1 at 4, 9 (citing Tenn. Code Ann. § 41-21-204)), it also cites decisions from two U.S. Circuit Courts of Appeal for the proposition that "deliberate indifference" and "due process" standards apply to inmate claims against prison medical professionals. (*Id.* at 9.)

falls within one of these three categories. *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 56 (2013). "If it does, venue is proper," though the court in its discretion may still dismiss or transfer the case in the interest of justice and for the sake of convenience of parties and witnesses under 28 U.S.C. § 1404(a), "a codification of the doctrine of *forum non conveniens*." *Id.* at 56, 60. "[I]f it does not, venue is improper, and the case must be dismissed or transferred under § 1406(a)," *id.* at 56, which prescribes this outcome for "a case laying venue in the wrong division or district." 28 U.S.C. § 1406(a).

Because the unnamed Defendants are all medical providers at a Tennessee state prison and presumably Tennessee residents, venue is proper in any district where one of them resides or where a substantial part of the events giving rise to the action occurred. 28 U.S.C. § 1391(b)(1)–(2). All Defendants would appear to reside in Whiteville, Hardeman County, Tennessee, where they are employed as medical providers at WCF. (*See* Doc. No. 1 at 2–3.) Hardeman County lies within the Western District of Tennessee. 28 U.S.C. § 123(c)(1). In addition to all parties residing in the Western District, the complaint is solely concerned with alleged wrongdoing that "took place at" WCF. (Doc. No. 1 at 5.) The Court therefore finds that venue is improper in this District under Section 1391(b), and that transfer of this action to the Western District is warranted under Section 1406(a).

In light of the foregoing, the Clerk is **DIRECTED** to **TRANSFER** this action to the United States District Court for the Western District of Tennessee, Eastern Division. Further proceedings related to the filing fee will be taken up by the receiving court.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE
